Robert and Constance SHEPPARD, individually and on behalf of a class of persons similarly situated, Appellants,

v.

Earle I. ERMAN, Trustee for Remvest Mutual Investment Trust, and Neal R. Sutherland, Trustee for Remvest Federal Association, Inc., Appellees.

Civil No. 82–73838.

United States District Court, E.D. Michigan, S.D.

Oct. 29, 1982.

Brian I. Brown, Burton, Mich., James Booth Burr, Cholette, Perkins & Buchanan, Tolley, Fisher & Verwys, P.C., Willis L. Ash, Grand Rapids, Mich., for appellants.

Robert S. Hertzberg, Hertzberg & Golden, Birmingham, Mich., Donald Lifton, Phillip J. Shefferly, Schlussel, Lifton, Simon, Rands, Kaufman, Galvin & Jackier, P.C., Alan P. Goldstein, for appellees.

## ORDER

COHN, District Judge.

Before the Court is an appeal from orders dated October 1 and October 5, 1982 of the Bankruptcy Court for the Eastern District of Michigan approving settlement of an action instituted in state court prior to the inception of the Chapter XI proceedings in this cause and removed thereafter, which was certified as a class action on May 25, 1982. Appellants are class members who object to the settlement. Appellees are the trustees for the two debtors, Remvest Mutual Investment Trust and Remvest Federal Association, Inc., who are the defendants in the class action, and the class representatives.

The orders will be vacated and the cause remanded to the Bankruptcy Court for further consideration. The record below is simply inadequate to determine whether the requirements of Fed.R.Civ.P. 23(e) regarding settlement of class actions have been met.

Fed.R.Civ.P. 23(e) reads:

"A class action shall not be dismissed or compromised without the approval of the court and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

There are no proofs of service in the record to reflect which members of the class were sent or received notices of the hearings on the settlements. As to the October 1, 1982 hearing only one day prior notice was given.[1] In both cases notices were sent by first class mail only. Notice of the May 25, 1982 certification order, however, was given by first class mail and by *publication.* Notices of the settlement hearing should have been given in like manner or the reason for dispensing with notice by publication explained. Considering the dollar amount of the attorney fees which the parties have agreed upon and which the settle-

---

1. The order approving the notice was dated September 28th; the notices were apparently mailed September 29th.

ment includes, the notice to the class should have included the amount.[2]

As to the approval of the settlement by the Bankruptcy Court, there is nothing in the record to reflect the factors considered by the Bankruptcy Court in passing on the settlement. (See transcripts of September 7 and October 1 hearings). The record of the approval of the settlement of a class action must reflect the trial court's consideration and evaluation of the factors traditionally considered in passing on such settlements. *In Re Corrugated Container Anti-Trust Litigation,* 643 F.2d 195, 212 (5th Cir.1981); *Mandujano v. Basic Vegetable Products, Inc.,* 541 F.2d 832, 836 (9th Cir. 1976). This is best done of course by a written opinion so that a reviewing court can determine whether the Bankruptcy Court's approval was clearly erroneous on the facts and applicable legal principles followed.[3]

On remand the Bankruptcy Court should give consideration to the following:

*First:* Because the settlement includes specific agreement by the parties to rather substantial attorney fees, a more searching inquiry must be made than were this not the case.

*Second:* Specific objections were made by appellants to parts of the settlement. The reasons for rejecting them should be explained. In particular, the wrap-around mortgages involved here include payment by defendants on the first mortgages. There should be an explanation why this procedure is to continue and how the class members are reasonably assured there will be no default in the future by defendants or any assignee of this obligation. The record should also reflect the effective rate of interest which is being paid on monies actually borrowed in the first instance and the justification for continuation of that interest rate on the overall balance owed.

*Third:* The class action is the outgrowth of a proceeding by the Attorney General of Michigan which resulted in an agreement to specific undertakings by defendants regarding revisions in the mortgages which are the subject matter of the settlement. The record should reflect the part, if any, these undertakings played in the settlements and particularly whether the settlements are less favorable or more favorable to the class members than the undertakings and the reasons.[4]

*Fourth:* The orders of October 1 and October 5 approved the settlement as the Subclass B and Subclass A class members, respectively. The terms of the settlement are not the same as to each subclass. There is no explanation in the record why the terms are different in light of the factors traditionally associated with the approval of settlements. There should be an explanation.

*Fifth:* In negotiating the settlements the parties apparently assumed the most important factors to be considered were the limited resources of defendants and that the right of defendants' creditors must be balanced against the rights of the class members. As to the former, there should be an explanation of why the resources of the defendants are a factor since the settlements result in a reduction of the obligations of class members to the defendants; payment by defendants is not required. As to the latter, since the lawsuits which are being settled involve claims of fraud and statutory violations by defendants, it does

---

**2.** The notice to the creditors of Remvest Mutual Investment Trust includes the amount. The statement that members of the plaintiff class will not have to pay any attorney fees appears to be an overstatement. While the Bankruptcy Court must approve the fees there is no clear statement that it may reduce them or what standard it is to apply to the approval.

**3.** *See City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 462–63 (2nd Cir.1974); C. Wright & A. Miller, 7A *Federal Practice & Procedure*

§ 1795, at 226–31; Manual for Complex Litigation § 1.46 (5th Rev.), pp. 105–124.

**4.** The Attorney General intervened. The Bankruptcy Court should consider requesting his views on the settlement. Also, it appears some nineteen mortgages were previously revised following the undertaking with the Attorney General. The terms on which these mortgages were revised may have relevance as to the appropriateness of the settlement.

not appear that the fact that defendants may also have defrauded others or that there is a need in a bankruptcy proceeding to conserve assets for the benefit of creditors should be factors to be considered in approving the settlement by the class members of these claims by them.[5]

Because the authority to approve the settlement is committed in the first instance to the Bankruptcy Judge and there has obviously been a misunderstanding as to the important role his independent judgment plays in the approval process it would be inappropriate for this Court to comment further. This Court recognizes that the Bankruptcy Judge has a responsibility under Bankruptcy Rule 919 to approve the settlement on behalf of defendants. The two roles are different. (See footnote 5.)

The orders of October 1 and 5, 1982 are VACATED and this matter is REMANDED to the Bankruptcy Court for further proceedings.

SO ORDERED.

---

**5.** "[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights". *Northern Pipeline Construction Co. v. Mara-*

*thon Pipe Line Co.,* —— U.S. ——, ——, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982).

